839 P.2d 439

**STATE of Arizona, ex rel., Charles L. MILLER, Director, Department of Transportation, Plaintiff–Appellee,**

v.

**BEARDSLEY INDUSTRIAL PROPERTY, an Arizona general partnership, Defendant–Appellant.**

**No. 1 CA–CV 90–437.**

Court of Appeals of Arizona, Division 1, Department E.

March 31, 1992.

Review Denied Nov. 17, 1992.

Grant J. Woods, Atty. Gen. by Bryan B. Perry, Asst. Atty. Gen., Phoenix, for plaintiff-appellee.

Mohr, Hackett, Pederson, Blakley, Randolph & Haga, P.C. by Robert C. Hackett, Daniel P. Beeks, Phoenix, for defendant-appellant.

## OPINION

VOSS, Judge.

The issues in this appeal involve the calculation of interest to be added to a damage award made in a condemnation proceeding.

## FACTS AND PROCEDURAL HISTORY

The State of Arizona on behalf of its Department of Transportation, filed suit to condemn property owned by Beardsley Industrial Property. The state obtained an order of immediate possession of the property on April 22, 1988. After trial to a jury in January 1990, Beardsley was awarded the principal sum of $980,007.40 for the taking of its property.

Ariz.Rev.Stat.Ann. ("A.R.S.") § 12–1123 specifies that "[i]f there is an order for immediate possession prior to the final judgment, the compensation and damages awarded shall draw interest from the date the order is entered by the court." Since 1969, A.R.S. § 44–1201(A) has provided for a statutory interest rate of "ten per cent per annum" on any loan, indebtedness, judgment or other obligation where no written contract for a different rate exists. After the state filed the condemnation suit but before the trial was held, the Arizona legislature enacted A.R.S. § 28–1865.02 specifically providing for a fluctuating rate of interest on judgments in condemnation suits brought by the Department of Transportation as follows:

Interest on a judgment in a condemnation proceeding instituted by the department, including interest which is payable pursuant to § 12–1123, subsection B, shall be calculated for each month or portion thereof that interest is owed and shall be the prime rate charged by banks on short-term business loans as determined for publication in the bulletin of the board of governors of the federal reserve system, as of the first day of that month. In the absence of such a determination by the board of governors of the federal reserve system, interest shall be calculated in the same manner based on comparable data as determined by the United States department of commerce, bureau of economic analysis, for publication in "survey of current business". If the prime rate cannot be determined from such publication, the board shall annually designate a federal agency which makes and publishes data suffi-

cient to determine the prime rate of interest.

A.R.S. § 44–1201(A) was amended at the same time to provide that "[i]nterest on a judgment on a condemnation proceeding instituted by the department of transportation, including interest which is payable pursuant to § 12–1123, subsection B, shall be payable at the rates prescribed by § 28–1865.02."

No issue regarding calculation of the interest Beardsley was entitled to receive was raised at trial. The judgment prepared by Beardsley, though, provided in relevant part that the interest rates to be used were the varying rates specified in A.R.S. § 28–1865.02 and, also, that interest was to be compounded monthly. The judgment contained a figure representing the interest calculated in that manner through the date of the lodging of the judgment.

The trial court signed the judgment after receiving no objection to the form of judgment. After the trial court signed the judgment, the state filed an objection to the portion of the judgment that provided for interest to be compounded monthly. The trial court denied the objection to form of judgment as being untimely filed.

The state, then, sought relief pursuant to Rule 60, Arizona Rules of Civil Procedure. It asked the trial court to correct the judgment in accordance with the computations it had attached to the motion, providing for simple interest. In these computations, the state also employed the interest rate specified in A.R.S. § 28–1865.02 only from the date of enactment of that statute in September 1989. The state calculated the interest owed prior to that date at the 10% statutory interest rate provided in A.R.S. § 44–1201(A).

The trial court agreed with the state's argument that compound interest should not be awarded and granted Rule 60 relief. In its minute entry ruling, the trial court stated the following:

> This case is before the Court for a determination whether the landowner is entitled to simple or compound interest in this eminent domain proceeding. In *City of Phoenix v. Campbell*, 151 Ariz. 497 [728 P.2d 1247] (App.1986), the Court of Appeals answered this question against the landowner, that is, a landowner is entitled to only simple interest.
>
> The landowner claims that this Court of Appeals decision was overturned by the legislature when it passed A.R.S. § 28–1865.02. That statute does away with a landowner's right to receive the statutory rate of interest at 10%. Rather, interest is now calculated monthly based on the prime rate. The statute, however, is silent as to the issue of simple vs. compound interest. Under these circumstances, the Court is bound to follow *City of Phoenix v. Campbell*. Accordingly,
>
> IT IS ORDERED:
>
> The State of Arizona's Motion to Amend or Alter the Judgment to Reflect the True Statutory Rate of Interest is granted.

The trial court signed an amended judgment which deleted the language that the original judgment had contained regarding principal and interest and substituted the following:

> 3. That BEARDSLEY INDUSTRIAL PROPERTY have judgment against ADOT in the amount of $980,007.40, together with interest thereon from April 22, 1988 at the statutory rate until paid.

### ISSUES ON APPEAL

Beardsley contends that the trial court erred in amending the judgment to change the calculation of interest. Beardsley asks us to consider the following issues:

1. Do the "just compensation" clauses of the United States Constitution and the Arizona Constitution require compound interest?

2. Does A.R.S. § 28–1865.02 provide for compound interest on eminent domain judgments?

3. Should A.R.S. § 28–1865.02 be applied retroactively to cases in which immediate possession was granted before the effective date of the statute, but judgment was entered after the effective date?

Additionally, Beardsley suggests in its reply brief that Rule 60, Arizona Rules of Civil Procedure was improperly used as the basis for granting the amendment of the judgment that occurred in this case. We do not consider this argument because it was never raised in the trial court and was argued for the first time in the reply brief. *Cote v. A.J. Bayless Markets, Inc.*, 128 Ariz. 438, 444, 626 P.2d 602, 608 (App. 1981); *United Bank v. Mesa N.O. Nelson, Co., Inc.*, 121 Ariz. 438, 590 P.2d 1384 (1979).

## DISCUSSION

■ In asking this court to hold that the "just compensation" clauses of the United States Constitution and the Arizona Constitution require compound interest, Beardsley acknowledges that in an earlier case, *City of Phoenix v. Campbell*, 151 Ariz. 497, 728 P.2d 1247 (App.1986), we already considered that issue and concluded that compounding of interest is not an element of the constitutional right to just compensation. Beardsley asks us to overrule *Campbell*, arguing that the cases we cited therein to support our holding that the compounding of interest is not constitutionally required are poorly reasoned. Beardsley cites other federal and state cases which have required compounding of interest in condemnation cases and asks us to adopt the holding of these cases. *E.g., United States v. 429.59 Acres of Land*, 612 F.2d 459 (9th Cir.1980); *United States v. 129.4 Acres of Land, More or Less, in the County of Yuma, State of Arizona*, 602 F.Supp. 750 (D.Ariz.1985); *Borough of Wildwood Crest v. Smith*, 235 N.J.Super. 453, 563 A.2d 73 (1988).

The state argues that the cases cited by Beardsley which require that interest be compounded were all decided at a time when each relevant statutory rate of interest was far below the market interest rates that existed at the time. The state argues that compound interest would not have been required in these cases if the statutory interest rates had more accurately reflected market rates. Additionally, the state points out that none of the cases cited

by Beardsley necessarily required monthly compounding of interest such as it wanted the trial court to award in this case and that some of the cases expressly granted interest compounded annually rather than monthly.

We find it unnecessary to ponder the respective arguments and scrutinize the cases cited from other jurisdictions to determine anew whether we think that compounding of interest is an element of the constitutional right to just compensation. In *Campbell*, we did not reach our conclusion based on cases from other jurisdictions. Although we cited a few such cases as additional support for the proposition that the compounding of interest is not constitutionally required, our holding in *Campbell* was based on our reading of the Arizona Supreme Court's opinion in *Tucson Airport Authority v. Freilich*, 136 Ariz. 280, 665 P.2d 1002 (1983). In *Freilich*, our supreme court considered the reasonableness of the 10% statutory rate of interest provided in then A.R.S. § 44–1201(A) as applied to judgments in condemnation proceedings. In *Campbell* we noted that the supreme court had held in *Freilich* that the statutory interest rate of 10% per annum is presumptively reasonable. We concluded in *Campbell* that "[i]mplicit in such holding [in *Freilich* ] is the conclusion that compounding of interest is not an element of the constitutional right to just compensation." 151 Ariz. at 501, 728 P.2d at 1251 (App.1986).

We have re-examined *Freilich* and are satisfied that it does, indeed, hold by implication that the constitutional right to just compensation does not require compounding of interest. In *Freilich* the supreme court noted that it has been generally recognized that where the legislature has designated the rate of interest by statute, such rate may be applied to a claim for just compensation as long as the rate is reasonable and judicially acceptable. 136 Ariz. at 282, 665 P.2d at 1004. The supreme court concluded that even though the trial court had found from the evidence presented that 12% was a reasonable rate of interest, that did not necessarily mean that the 10% statutory rate was an unreasonable rate and

that the term "reasonable" necessarily implies some range of findings that would be acceptable. *Id.* at 283, 665 P.2d at 1005. The court stated that "[i]n view of the recent legislative revision of the interest rate, we believe that the rate set by the legislature should be presumed reasonable and applied to all condemnation awards, unless the condemnee establishes by competent evidence that the application of that rate would violate the guarantee of just compensation." *Id.* at 284, 665 P.2d at 1006. The court in *Freilich* went on to state that in order to have a different rate than the statutory rate applied, the property owner would have to show that it would have obtained a return "so far in excess of the statutory rate that the latter must be considered so unreasonable as to be constitutionally infirm." *Id.*

After reviewing the evidence presented in the case at hand showing the difference between what would be earned under a simple interest rate and a compound interest rate, we are satisfied that it cannot be said that the simple interest rate is so unreasonable as to be constitutionally infirm, following the analysis used by our Arizona Supreme Court in *Freilich*. If Beardsley thinks *Freilich* was wrongly decided, it may obtain relief only from the Arizona Supreme Court. The court of appeals is bound by a decision of the supreme court and has no authority to overrule or disregard it. *Bade v. Arizona Department of Transportation, Motor Vehicle Division,* 150 Ariz. 203, 205, 722 P.2d 371, 373 (App.1986).

■ We now turn to Beardsley's arguments that A.R.S. § 28–1865.02 provides for compound interest on eminent domain judgments and that the statute should be applied retroactively to cases in which immediate possession was granted before the effective date of the statute, but judgment was entered after the effective date.

A.R.S. § 28–1865.02 provides for a monthly calculation of the interest owed on a judgment in a condemnation proceeding based on the prime rate charged by banks on short term business loans as of the first day of each month. The statute provides

alternative methods of determining the monthly rate should it be impossible to determine the rate by that method. The statute allows the rate of interest on the condemnation judgment to fluctuate on a monthly basis, but says nothing about compounding the interest. We cannot agree with Beardsley that the mere fact that interest is to be calculated monthly implies that the interest is to be compounded.

Furthermore, the statute at issue in *Campbell* does not provide for either simple or compound interest. Yet, Beardsley acknowledges that the statute at issue in *Campbell* requires simple interest. The statute at issue here is also silent as to the issue of simple or compound interest. As we found in *Campbell,* we find here that the amended statute's silence does not imply compound interest.

A review of the legislative history of the statute indicates that the sole purpose for the monthly determination of interest rates is to prevent windfalls to either side where the market rates have greatly fluctuated. The minutes of committee meetings in which the bill was discussed do not mention compounding of interest. S.B. 1052 Minutes of Senate Committee on Transportation, February 2, 1989 and February 9, 1989; House Committee on Transportation April 4, 1989.

■ Even though we have concluded that A.R.S. § 28–1865.02 does not provide for compound interest to be awarded in condemnation suits instituted by the department of transportation, we agree with Beardsley that the fluctuating rate provided in that statute should have been applied in this case not only from the date the statute went into effect but also from the time of immediate possession, which was prior to the effective date of the statute.

Ordinarily, A.R.S. § 1–244 prohibits a statute from being applied retroactively unless the statute expressly declares that it is to be applied retroactively. A.R.S. § 28–1865.02 contains no provision for retroactive application.

■ However, even if a statute does not specifically provide for retroactivity, it

still may be applied retroactively if the statute is procedural, rather than substantive. *St. Joseph's Hospital and Medical Center v. Superior Court*, 164 Ariz. 454, 793 P.2d 1121 (App.1990). A procedural law is one that relates merely to the manner and means by which a right to recover is enforced; it is a method of obtaining redress. *Daou v. Harris*, 139 Ariz. 353, 678 P.2d 934 (1984); *Allen v. Fisher*, 118 Ariz. 95, 574 P.2d 1314 (App.1977).

Although the right to interest is intertwined with the right to just compensation, the right to interest is procedural because it relates only to enforcement of the substantive right—just compensation. Furthermore, the right to just compensation has been enhanced and not abridged by retroactively applying the statute. In *Verrochi v. Commonwealth*, 394 Mass. 633, 477 N.E.2d 366 (1985), the court considered whether an amendment to the statutory interest rate applicable to condemnation cases should be applied retroactively to cases pending when the amendment became effective. The court noted that generally statutes only apply prospectively, but noted that the purpose of the statutory amendment must have been to conform to the requirements of just compensation. Thus, the court found that in order to cure the presumed evil toward which the amendment was aimed, the amendment must be applied retroactively to cases pending when the amendment became effective.

We agree with the reasoning of the court in *Verrochi* and find that retroactive application of the statute conforms with the constitutional requirement of just compensation and that in any event, retroactive application is not prohibited because the statute is procedural. We remand to the trial court for modification of the judgment to reflect retroactive application of A.R.S. § 28–1865.02.

## CONCLUSION

For the reasons explained in this opinion, the trial court's rejection of the inclusion of compound interest in the judgment is affirmed. The case is remanded to the trial court, however, for modification of the

judgment to reflect that interest from the time of immediate possession should be calculated in accordance with A.R.S. § 28–1865.02.

CLABORNE and EUBANK, JJ., concur.