IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

MARISOL METZLER,                        )
                                        )
                    Plaintiff/Appellee, )
                                        )
            v.                          )        2 CA-CV 2012-0173
                                        )        DEPARTMENT A
BCI COCA-COLA BOTTLING                  )
COMPANY OF LOS ANGELES, INC.,           )        O P I N I O N
dba BCI COCA-COLA BOTTLING              )
COMPANY OF ARIZONA, a foreign           )
corporation doing business in Arizona,  )
                                        )
                Defendant/Appellant.    )
                                        )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20072433

Honorable Gus Aragón, Judge

AFFIRMED AS MODIFIED

Hollingsworth Kelly
  By Louis Hollingsworth, Michael F. Kelly,
    and John F. Kelly                                              Tucson
                                           Attorneys for Plaintiff/Appellee

Renaud Cook Drury Mesaros, PA
  By Tamara N. Cook and Kevin R. Myer                            Phoenix


    and


Lewis and Roca LLP
  By Susan M. Freeman and William G. Voit                        Phoenix
                                       Attorneys for Defendant/Appellant

V Á S Q U E Z, Presiding Judge.

**¶1** In this personal injury action, appellant BCI Coca-Cola Bottling Company of Los Angeles, Inc. (BCI) appeals from the judgment entered after a jury verdict in favor of appellee Marisol Metzler and following two prior appeals. In this appeal, BCI contends the trial court erred in determining that prejudgment interest imposed as a sanction under Rule 68(g), Ariz. R. Civ. P., was interest on an "obligation" calculated at ten percent per annum pursuant to A.R.S. § 44-1201(A) and not interest "on a judgment" calculated at one percent plus the prime rate pursuant to subsection (B). For the reasons stated below, we affirm the judgment as modified.

**Factual and Procedural Background**

**¶2** In August 2009, a jury found BCI liable for Metzler's injuries sustained in a fall at a grocery store and awarded her $1.5 million in damages. On September 2, 2009, the trial court entered judgment in favor of Metzler in the amount of $1,855,398.86, which included prejudgment interest under Rule 68(g) as a sanction against BCI for rejecting a prior, more favorable offer of judgment. On December 8, 2009, the court granted BCI's motion for a new trial on liability but denied a new trial on damages. BCI appealed the court's denial of a new trial on damages, and Metzler cross-appealed the grant of a new trial on liability. This court issued a memorandum decision reversing the grant of a new trial on liability, affirming the denial of a new trial on damages, and remanding the matter for entry of final judgment. *Metzler v. BCI Coca-Cola Bottling Co. (Metzler I)*, No. 2 CA-CV 2010-0023, ¶ 16 (memorandum decision filed Mar. 16, 2011).

**¶3** In April 2011, BCI unconditionally tendered, and Metzler accepted, payment of $1,906,690.76. According to BCI, the amount included: the damages award; Rule 68(g) sanctions including prejudgment interest from the date of the offer of judgment through September 2, 2009; post-judgment interest from September 3, 2009, through December 8, 2009; and costs on appeal. After this court's mandate in *Metzler I* issued on May 11, 2011, BCI filed a motion for a judgment on the mandate. BCI argued prejudgment interest under Rule 68(g) terminated on September 2, the date the trial court originally entered the judgment on the verdict, because that was "clearly the operative judgment." In response, Metzler maintained that prejudgment interest continued to accrue from the date of the offer of judgment until entry of the judgment on the mandate.

**¶4** On June 30, 2011, the trial court entered judgment, specifying that prejudgment interest terminated on September 2. Metzler appealed, and this court vacated the judgment. *Metzler v. BCI Coca-Cola Bottling Co. (Metzler II)*, 230 Ariz. 26, ¶ 1, 279 P.3d 1188, 1189 (App. 2012). In doing so, we explained that the September 2 judgment had been vacated by the trial court in granting BCI's motion for a new trial, thereby leaving the parties "without a judgment for the comparative purposes of Rule 68(g)." *Id.* ¶ 8. And, because the June 30 judgment was vacated pursuant to our decision on appeal, prejudgment interest continued to accrue. *Id.* ¶ 10. Accordingly, we remanded to the trial court for entry of judgment after a redetermination of prejudgment interest. *Id.* ¶ 11. Our mandate in *Metzler II* issued on August 6, 2012.

**¶5** On remand, Metzler lodged a form of judgment with the trial court calculating prejudgment interest pursuant to Rule 68(g) at the rate of ten percent per

3

annum, the same interest rate that had been used in the two prior judgments. BCI objected, asserting that under the recently amended version of § 44-1201, the interest rate should have been calculated at the rate of one percent per annum plus the prime rate or 4.25 percent. After finding the proper interest rate was ten percent, the court entered judgment on October 10, 2012. BCI now appeals from that judgment. We have jurisdiction pursuant to A.R.S. §§ 12-120.21 and 12-2101(A)(1).

## Discussion

**¶6**      Rule 68(a) provides that at any time more than thirty days before trial, "any party may serve upon any other party an offer to allow judgment to be entered in the action." Subsection (g) of the rule states the following:

> If the offeree rejects an offer and does not later obtain a more favorable judgment . . . , the offeree must pay, as a sanction, reasonable expert witness fees and double the taxable costs, as defined in A.R.S. § 12-332, incurred by the offeror after making the offer and prejudgment interest on unliquidated claims to accrue from the date of the offer.

An award of sanctions pursuant to Rule 68(g) is mandatory. *Levy v. Alfaro*, 215 Ariz. 443, ¶ 8, 160 P.3d 1201, 1203 (App. 2007). The purpose of the rule is to promote settlement and to avoid protracted litigation. *Id.* ¶ 12; *Warner v. Sw. Desert Images, LLC*, 218 Ariz. 121, ¶ 52, 180 P.3d 986, 1002 (App. 2008). Metzler offered to settle this case before trial for $150,000, but BCI rejected that offer, and the jury later awarded her $1.5 million in damages. BCI does not dispute that Metzler is entitled to an award of sanctions pursuant to Rule 68(g). Indeed, that issue was put to rest by *Metzler I*, which upheld the jury's liability verdict and damages award in favor of Metzler.

4

¶7        Instead, BCI contends that the trial court erred by calculating prejudgment interest under Rule 68(g) at the rate of ten percent per annum rather than one percent plus the prime rate, or 4.25 percent, pursuant to § 44-1201, as amended. BCI reasons that prejudgment interest, "by its very nature, inherently indicates an award made in the judgment." Accordingly, it maintains that "prejudgment interest is interest on a judgment" under subsection (B). BCI additionally argues that prejudgment interest "does not change its nature into something else merely because it is awarded as a Rule 68 sanction." Metzler responds that she is entitled to Rule 68(g) prejudgment interest at ten percent pursuant to § 44-1201(A).[1] She contends that "prejudgment interest pursuant to Rule 68 is a sanction," which "is more appropriately classified as an 'obligation' or 'indebtedness'" under subsection (A). The trial court agreed with Metzler, concluding

_____

[1]Metzler alternatively argues she is entitled to interest at the rate of ten percent per annum under the prior version of § 44-1201 because her right to have judgment entered—including Rule 68(g) prejudgment interest—pursuant to the former statute was a substantive right that vested when this court issued its mandate in *Metzler I*. Although the trial court applied the amended statute, it also apparently agreed with Metzler, noting that her right to interest at the rate of ten percent had vested "by no later than" when we issued our mandate in *Metzler I*, "which validated the $1.5 million verdict." But, in *State ex rel. Miller v. Beardsley Industrial Property*, 173 Ariz. 19, 24, 839 P.2d 439, 444 (App. 1992), we held that a statute providing for compound interest in condemnation actions, adopted after the taking but before trial in that case, applied retroactively. We reasoned that the statutory right to interest was "procedural because it relates only to enforcement of the substantive right—just compensation." *Id.*; *see also City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, ¶ 11, 105 P.3d 1163, 1166-67 (2005) (litigants have no vested rights in procedural enactments). In any event, we need not decide whether the reasoning in *Miller* extends beyond the particular type of statute and constitutional considerations addressed in that case. *See Miller*, 173 Ariz. at 24, 839 P.2d at 444 (noting "the [constitutional] right to just compensation [in condemnation cases] has been enhanced and not abridged by retroactively applying the statute"). Whether we apply the former or amended version of § 44-1201, we conclude the interest rate should be ten percent.

that "the amount of interest owed is an indebtedness or other obligation as set forth in" § 44-1201(A).

**¶8** We review questions of law, including the interpretation of statutes and court rules, de novo. *Town of Marana v. Pima Cnty.*, 230 Ariz. 142, ¶ 20, 281 P.3d 1010, 1015 (App. 2012); *Perguson v. Tamis*, 188 Ariz. 425, 427, 937 P.2d 347, 349 (App. 1996). We can affirm the trial court's ruling if it is correct for any reason. *Forszt v. Rodriguez*, 212 Ariz. 263, ¶ 9, 130 P.3d 538, 540 (App. 2006). "In interpreting the meaning of a statute, we seek to discern the legislature's intent, looking primarily to the statutory language and giving effect to statutory terms in accordance with their commonly accepted meanings." *Sierra Tucson, Inc. v. Pima Cnty.*, 178 Ariz. 215, 220, 871 P.2d 762, 767 (App. 1994); *see also* A.R.S. § 1-213. If a statute's language is clear, it is "the best indicator of the authors' intent and as a matter of judicial restraint we 'must apply it without resorting to other methods of statutory interpretation, unless application of the plain meaning would lead to impossible or absurd results.'" *Winterbottom v. Ronan*, 227 Ariz. 364, ¶ 5, 258 P.3d 182, 183 (App. 2011), *quoting N. Valley Emergency Specialists, L.L.C. v. Santana*, 208 Ariz. 301, ¶ 9, 93 P.3d 501, 503 (2004). *See also Fragoso v. Fell*, 210 Ariz. 427, ¶ 7, 111 P.3d 1027, 1030 (App. 2005) (applying same principles to procedural rules).

**¶9** Section 44-1201 governs interest on civil judgments generally. In 2011, the legislature amended the statute,[2] which now provides in relevant part:

---

[2]The prior version of the statute provided: "Interest on any loan, indebtedness, judgment or other obligation shall be at the rate of ten per cent per annum, unless a

6

A. Interest on any loan, indebtedness or other obligation shall be at the rate of ten per cent per annum, unless a different rate is contracted for in writing, in which event any rate of interest may be agreed to. Interest on any judgment that is based on a written agreement evidencing a loan, indebtedness or obligation that bears a rate of interest not in excess of the maximum permitted by law shall be at the rate of interest provided in the agreement and shall be specified in the judgment.

B. Unless specifically provided for in statute or a different rate is contracted for in writing, interest on any judgment shall be at the lesser of ten per cent per annum or at a rate per annum that is equal to one per cent plus the prime rate as published by the board of governors of the federal reserve system in statistical release H.15 or any publication that may supersede it on the date that the judgment is entered. The judgment shall state the applicable interest rate and it shall not change after it is entered.

And, according to § 44-1201(F), "[i]f awarded, prejudgment interest shall be at the rate described in subsection A or B of this section." In amending § 44-1201, the legislature expressly stated it was to apply "to all loans that are entered into, all debts and obligations that are incurred and all judgments that are entered on or after the effective date of this act." 2011 Ariz. Sess. Laws, ch. 99, § 17. The effective date of the act was July 20, 2011, before the current judgment was entered.[3]

¶10 Therefore, the question presented here is whether Rule 68(g) "prejudgment interest on unliquidated claims" is "[i]nterest on any . . . indebtedness or other obligation"

different rate is contracted for in writing, in which event any rate of interest may be agreed to." 1999 Ariz. Sess. Laws, ch. 131, § 2.

[3]"An act with no specified effective date takes effect on the ninety-first day after the day on which the session of the legislature enacting it adjourns sine die." *True v. Stewart*, 199 Ariz. 396, n.1, 18 P.3d 707, 708 n.1 (2001). The legislative session in which § 44-1201 was amended adjourned on April 20, 2011.

pursuant to § 44-1201(A) or "interest on any judgment" pursuant to § 44-1201(B). Section 44-1201 does not define "indebtedness," "obligation," or "judgment," but all three words have commonly accepted meanings. *See State ex rel. Ariz. Structural Pest Control Comm'n v. Taylor*, 223 Ariz. 486, ¶¶ 9-11, 224 P.3d 983, 985-86 (App. 2010) (discussing meaning of "indebtedness" and "obligation"). "Indebtedness" means "[t]he condition or state of owing money" or "[s]omething owed; a debt," *Black's Law Dictionary* 836 (9th ed. 2009), and "obligation" means "[a] legal or moral duty to do or not do something," *id.* at 1179. The term "judgment" means "[a] court's final determination of the rights and obligations of the parties in a case." *Id.* at 918.

**¶11** "[B]ecause it does not appear the legislature intended otherwise, we interpret the term[s] according to [their] common meaning." *City of Sierra Vista v. Sierra Vista Wards Sys. Voting Project*, 229 Ariz. 519, ¶ 20, 278 P.3d 297, 302 (App. 2012). And, we believe the commonly accepted meaning of "obligation" encompasses prejudgment interest imposed as a sanction pursuant to Rule 68(g).[4] Rule 68(g) provides that an offeree "must pay" sanctions if the offeree rejects an offer and fails to obtain a more favorable judgment. The word "must" is commonly used to express an obligation or duty. *See, e.g.*, *The American Heritage Dictionary* 824 (2d ed. 1982) (defining "must" as "[t]o be obliged or required"). Thus, the offeree has an obligation to pay to the offeror sanctions imposed under Rule 68(g). *See also Levy*, 215 Ariz. 443, ¶ 8, 160 P.3d at 1203

---

[4]Because we conclude that prejudgment interest imposed as a sanction under Rule 68(g) constitutes an "obligation" under § 44-1201(A), we need not determine if it is also an "indebtedness."

8

(describing sanctions as mandatory). And, because we strive to interpret related rules and statutes consistently, we conclude that the obligation created by the imposition of Rule 68(g) sanctions is also treated as an obligation under § 44-1201. *See Drozda v. McComas*, 181 Ariz. 82, 85, 887 P.2d 612, 615 (App. 1994) ("'[O]ur rules of procedure and statutes should be harmonized whe[n]ever possible and read in conjunction with each other.'"), *quoting Phx. of Hartford, Inc. v. Harmony Rests., Inc.*, 114 Ariz. 257, 258, 560 P.2d 441, 442 (App. 1977).

¶12        Citing *Taylor*, 223 Ariz. 486, ¶¶ 9-12, 224 P.3d at 985-86, BCI maintains Rule 68(g) prejudgment interest "does not conceivably fit" within the meaning of "obligation."[5] In *Taylor*, the Arizona Structural Pest Control Commission issued an order imposing a civil penalty for services performed without a license. 223 Ariz. 486, ¶ 1, 224 P.3d at 984. The issue in that case was whether the penalty accrued prejudgment interest under the prior version of § 44-1201. *Id.* ¶ 1. Because the civil penalty had not been reduced to a judgment, we said § 44-1201 applied only if the penalty constituted an "indebtedness" or "obligation." *Id.* ¶ 8. Although we concluded the civil penalty in

---

[5]BCI also argues § 44-1201(A) only applies to "agreements" concerning loans, debts, or obligations. We disagree. The statute provides in plain, unambiguous language that "[i]nterest on *any* loan, indebtedness or other obligation shall be at the rate of ten per cent per annum, unless a different rate is contracted for in writing," in which case "the rate of interest provided in the agreement" shall be used, assuming it is "not in excess of the maximum permitted by law." § 44-1201(A) (emphasis added). The statute thus provides for interest on "any loan, indebtedness or other obligation" regardless of whether there is an agreement. *Id.*

9

*Taylor* was not an "obligation" under § 44-1201, *id.* ¶ 12, we did not suggest that our decision applied to all penalties and sanctions.[6]

**¶13**        *Taylor* is factually and legally distinguishable. First, as we mentioned above, the issue there was whether *any* prejudgment interest accrued at all on the particular civil penalty and not, as in this case, the applicable rate of interest. We noted that, under the common law, orders imposing criminal penalties do not bear interest. *Id.* ¶ 13. And, we explained further: "In the absence of any reference to 'penalty' in the statute, we discern no intent by the legislature that § 44-1201 apply to penalties in general. Nor is any such intent apparent in the language of the statute under which the Commission imposed its penalty." *Id.* ¶ 14. Here, BCI's obligation to pay prejudgment interest as a sanction under Rule 68(g) is not in dispute. Second, *Taylor* clearly was limited to the particular penalty involved in that case and others like it that do not expressly provide for prejudgment interest. We recognized "the legislature expressly has provided for the accrual of interest on some administrative penalties but has not chosen to enact a rule that prejudgment interest runs on all administrative penalty orders." *Id.* ¶ 17. *Taylor*, therefore, is not dispositive here.

**¶14**        But BCI contends that "prejudgment interest is interest on a judgment" under § 44-1201(B) because it terminates upon entry of the judgment. As BCI points out, Rule 68(g) expressly conditions an award of sanctions upon "a more favorable

---

[6]A "sanction" is defined as "[a] penalty or coercive measure that results from failure to comply with a law, rule, or order." *Black's Law Dictionary* 1458.

judgment."[7] *See also Metzler II*, 230 Ariz. 26, ¶ 7, 279 P.3d at 1190 (describing "'a more favorable judgment' as the event creating the right to sanctions"); *Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, ¶ 28, 261 P.3d 784, 789 (App. 2011) (sanctions award depends upon final judgment not jury's verdict because scope and amount of final judgment may exceed scope and amount of jury's verdict).

¶15 However, interest accruing during the prejudgment period pursuant to Rule 68(g) cannot be interest on the judgment later entered. Although Rule 68(g) necessarily requires entry of a judgment to determine whether a sanction should be imposed, that requirement is for comparative purposes. *See Metzler II*, 230 Ariz. 26, ¶ 8, 279 P.3d at 1190. The rule provides that if the offeree does not obtain "a more favorable judgment . . . , the offeree must pay, as a sanction," certain fees, costs, and prejudgment interest. Ariz. R. Civ. P. 68(g). We have explained that, in determining if the judgment is "more favorable," the rule "requires an 'apples to apples' comparison between the judgment and the offer, in that the judgment, excluding any fees or costs, is to be measured against the portion of the offer representing damages." *Hales v. Humana of Ariz., Inc.*, 186 Ariz. 375, 378, 923 P.2d 841, 844 (App. 1996).

¶16 Moreover, the language of the rule and our case law interpreting it effectively treat Rule 68(g) sanctions as a separate and distinct obligation, even though,

---

[7]BCI also contends Metzler "should not [be] permitted to repudiate her prior position," which we adopted in *Metzler II*, that Rule 68(g) prejudgment interest terminates upon entry of the final judgment, rather than the earlier vacated judgment. However, we agree with Metzler that her positions are not "inconsistent." The termination of prejudgment interest upon entry of a final judgment and the issue of whether prejudgment interest should be characterized as interest on an obligation or as interest on a judgment for purposes of § 44-1201 are distinct matters.

11

as occurred here, the trial court enters a single judgment that includes both the underlying damages and the sanctions imposed. *See Levy*, 215 Ariz. 443, ¶ 4, 160 P.3d at 1202 (court entered judgment on verdict and offset that amount by amount owed for Rule 68(g) sanctions); *Langerman Law Offices, P.A. v. Glen Eagles at Princess Resort, LLC*, 220 Ariz. 252, ¶ 12, 204 P.3d 1101, 1104 (App. 2009) (discussing single judgment containing separate awards). Our conclusion is supported by the plain language of § 44-1201. Pursuant to § 44-1201(D), a "court shall not award . . . [p]rejudgment interest for any unliquidated . . . damages." *See also Hall v. Schulte*, 172 Ariz. 279, 284, 836 P.2d 989, 994 (App. 1992) (prejudgment interest not permitted on unliquidated claim). And, Metzler's tort claim did not become liquidated until final judgment was entered. *See Canal Ins. Co. v. Pizer*, 183 Ariz. 162, 164, 901 P.2d 1192, 1194 (App. 1995).

¶17 Rule 68(g), however, provides an exception, explicitly requiring an award of "prejudgment interest on unliquidated claims to accrue from the date of the offer" when certain criteria are met. In the absence of Rule 68(g) sanctions, Metzler would not be entitled to prejudgment "interest on [the] judgment" pursuant to § 44-1201. Thus, contrary to BCI's argument, the source of prejudgment interest imposed as a sanction under Rule 68(g) is the rule itself, not the judgment. Notably, when the legislature amended § 44-1201, it removed only "interest on any judgment" from the ten percent interest rate contained in subsection (A). *Compare* § 44-1201, *with* 1999 Ariz. Sess. Laws. ch. 131, § 2. The legislature made clear that the purpose of the amendment was to "modif[y] interest rates on judgments." Senate Fact Sheet, S.B. 1212, 50th Leg., 1st Reg.

Sess. (Ariz. Apr. 13, 2011). Because Rule 68(g) prejudgment interest is not "interest on [a] judgment" under subsection (B), it must fall under subsection (A).

¶18　　　　　Accordingly, we hold that prejudgment interest imposed as a sanction pursuant to Rule 68(g) constitutes an "obligation" under § 44-1201(A).[8] Once imposed, that obligation becomes part of the final judgment. *See Flood Control Dist. of Maricopa Cnty. v. Paloma Inv. Ltd. P'ship*, 230 Ariz. 29, ¶ 76, 279 P.3d 1191, 1210 (App. 2012) ("[T]he entry of a judgment fixes the amount due and a claim for indemnity on that judgment is then liquidated."). Metzler is thus entitled to Rule 68(g) prejudgment interest calculated at ten percent per annum through entry of the final judgment. *See Metzler II*, 230 Ariz. 26, ¶ 10, 279 P.3d at 1191.

¶19　　　　　BCI lastly argues the trial court erred by awarding Metzler ten-percent interest "on the supposedly 'unpaid' prejudgment interest." According to BCI, the approximate $1.9 million tender included the full $1.5 million jury verdict and all that remained due at that time—approximately $200,000—was Rule 68(g) prejudgment interest. And, because the court calculated the amount of Rule 68(g) prejudgment interest due from the date of the tender through entry of the October 10 judgment based on that $200,000 figure, BCI maintains that the court awarded Metzler "prejudgment interest on the prejudgment interest." First, we question whether BCI sufficiently raised this argument below to preserve it for appeal. *See Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, ¶ 15, 99 P.3d 1030, 1035 (App. 2004) (appellants waived arguments on appeal

---

[8]At oral argument, BCI asserted that this approach could be applied in a broader context yielding far-reaching results. But, because we limit our analysis to Rule 68(g) "prejudgment interest on unliquidated claims," we disagree.

by not adequately presenting them below). Although BCI argued at a hearing before the trial court that Metzler was "requesting compound interest," it did so without citing authority, and the issue was not squarely presented in BCI's objection to Metzler's form of judgment. Moreover, the trial court did not address it.

¶20 In any event, we disagree with BCI's characterization. The issue presented here specifically concerns Rule 68(g) prejudgment interest, which as BCI agrees, cannot be awarded until entry of the final judgment. Accordingly, the ultimate amount of the prejudgment interest in this case was unknown until the October 10 judgment, regardless of the jury verdict or tender. Furthermore, the tender was unconditional, and, in its letter accompanying the $1.9 million check, BCI acknowledged that Metzler "retain[ed] her rights to claim she is entitled to prejudgment interest."

¶21 Metzler concedes on appeal, as she did below, that the October 10 judgment contained a mathematical error of $62.40 in her favor. "Where the judgment has been properly rendered, but for an incorrect amount, this court may do justice without remanding the case . . . by modifying the amount of the judgment." *Zancanaro v. Cross*, 85 Ariz. 394, 401, 339 P.2d 746, 751 (1959). We therefore modify the judgment to reflect a total of $28,568.80 in prejudgment interest from April 29, 2011, to October 1, 2012. *Cf. Cagle v. Carr*, 101 Ariz. 225, 228, 418 P.2d 381, 384 (1966) (affirming judgment as modified).

**Disposition**

¶22      For the foregoing reasons, we affirm the judgment as modified.

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:

/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge

/s/ *Boyd T. Johnson*
BOYD T. JOHNSON, Judge*

*A retired judge of the Pinal County Superior Court authorized and assigned to sit as a judge on the Court of Appeals, Division Two, pursuant to Administrative Order No. 2013-02 filed July 10, 2013.