NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STONE PILLAR REAL ESTATE ARIZONA
INVESTMENT GROUP L.L.C., *Plaintiff/Appellee-
Cross Appellant*,

*v.*

RONALD BONNER, et al., *Defendants/Appellants-
Cross Appellees*.

No. 1 CA-CV 19-0247
FILED 4-7-2020

---

Appeal from the Superior Court in Maricopa County
No. CV2017-000334
The Honorable James D. Smith, Judge

**AFFIRMED IN PART;
VACATED AND REMANDED IN PART**

---

COUNSEL

Lipson Neilson P.C., Phoenix
By Corey I. Richter, Michael H. Orcutt, John J. Browder
*Counsel for Plaintiff/Appellee-Cross Appellant*

Ronald Bonner, Cheryl Bonner, Mesa
*Defendants/Appellants-Cross Appellees*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

---

**G A S S**, Judge:

¶1        Ronald and Cheryl Bonner (collectively, the Bonners) appeal a jury verdict in favor of Stone Pillar Real Estate Investment Group L.L.C. (Stone Pillar). Stone Pillar cross-appeals the superior court's denial of prejudgment interest. Because the Bonners failed to show reversible error, the jury's verdict is affirmed. The superior court, however, erred in finding Stone Pillar's damages were not liquidated. Accordingly, that portion of the judgment is vacated and the matter remanded for further proceedings.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        On appeal, this court reviews the facts "in the light most favorable to sustaining the jury verdict and resulting judgment." *Rhue v. Dawson*, 173 Ariz. 220, 223 (App. 1992). In April 2007, Stone Pillar and the Bonners formed a home renovation partnership. The parties orally agreed to divide costs and labor. Stone Pillar was responsible for the purchase and related holding costs. The Bonners were responsible for labor and materials. When the property sold, each party would be reimbursed their expenses with any remaining money split evenly.

¶3        In July 2007, Stone Pillar purchased a single-family home in Scottsdale (the property). Stone Pillar and the Bonners visited the property multiple times and discussed its feasibility as a project before the purchase. Based on these visits and discussions, the parties planned to complete the renovation and sell the property within four to six months. In reality, the renovation took nearly two years.

¶4        In June 2009, the parties listed the property for sale. At this point, Arizona's housing market had slowed considerably. Buyers showed little interest in the property. As a result, Stone Pillar and the Bonners began listing the property as a rental home. The property was rented from November 2009 through July 2016. Throughout this period, the relationship between Stone Pillar and the Bonners deteriorated completely.

¶5        In March 2016, Stone Pillar notified the Bonners it intended to sell the property. The Bonners responded by recording a mechanic's lien on

2

the property. In May 2016, the Bonners retained Hinshaw & Culbertson (Hinshaw) as counsel in their dispute with Stone Pillar. Two months later, following negotiations between the parties, the Bonners removed their mechanic's lien and the property was sold for a net proceed of $103,657.93 (the proceeds). The parties placed the proceeds into Hinshaw's client trust account while they attempted to negotiate a settlement. Ultimately, negotiations failed, and each party claimed sole entitlement to the proceeds.

¶6            In November 2016, Hinshaw ceased representing the Bonners. The following January, Stone Pillar sued the Bonners for breach of the partnership agreement under several theories. In response, the Bonners brought numerous counterclaims against Stone Pillar. At this point, Hinshaw still held the proceeds in its client trust account. Because of the conflicting ownership claims, Hinshaw deposited the proceeds with the superior court and filed an interpleader against Stone Pillar and the Bonners. Following Hinshaw's dismissal from the proceedings, the superior court consolidated the Stone Pillar case with Hinshaw's interpleader.

¶7            In January 2019, the superior court held a four-day jury trial. Stone Pillar's principals, Ronald and Kevin Kundinger, testified about details of the partnership agreement and Stone Pillar's financial expenditures throughout the project. Stone Pillar's expenses included the purchase price, monthly holding costs, property taxes, financing charges, and payments to various contractors. Though the property generated over $90,000 in rental income, Stone Pillar's evidence showed approximately $160,000 in net expenses.

¶8            The jury also heard the Bonners' testimony. They disputed Stone Pillar's characterization of the project as a short-term renovation but acknowledged they had agreed to cover the renovation costs. The Bonners also discussed a series of financial expenditures and property management tasks for which they were never reimbursed. On cross-examination, the Bonners could not provide the total renovation cost. Mrs. Bonner could not identify a documented calculation of their expenses. Further, Mr. Bonner conceded "despite Stone Pillar's demand, I have failed to produce such a document."

¶9            After a short deliberation, the jury returned its verdict in favor of Stone Pillar. On February 26, 2019, the superior court entered the final judgment awarding Stone Pillar the proceeds and its attorney fees.

¶10 In a separate minute entry, the superior court denied Stone Pillar's request for prejudgment interest on the proceeds. The superior court said Stone Pillar "asserted that its total expenses and losses on the project far exceeded" the proceeds it sought. The superior court went on to say errors in Stone Pillar's calculations meant the jury "had to determine the value of [each party's] work on the project." Accordingly, Stone Pillar's willingness "to accept the interpleaded amount rather than its much greater damages figure" did not make the damages liquidated, and it was not entitled to prejudgment interest.

¶11 The Bonners timely appealed the final judgment. Stone Pillar timely cross-appealed the denial of prejudgment interest. This court has jurisdiction over the appeal and cross-appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## ANALYSIS

I. The Bonners' conclusory arguments do not establish reversible error.

¶12 The Bonners ask this court for a complete review of the record to identify error by the superior court and misconduct by any attorney, party, or witness. This court will conduct no such review. *See, e.g.*, *Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 143 (App. 1987) ("It is not incumbent upon the court to develop an argument for a party.").

¶13 The Bonners' cursory argument section makes sweeping accusations of perjury by Stone Pillar and "misconduct by several attorneys, namely Hinshaw." They further allege the superior court "not only accepted this behavior, but encouraged it and rewarded it." Despite referencing "multiple allegations and instance[s]" of misconduct in the record, the Bonners provide no specific citations and fail to support their contentions with legal argument or legal authority. This court has done its "best to discern and address [the Bonners'] arguments, but [this court] consider[s] waived those arguments not supported by adequate explanation, citations to the record, or authority." *In re Aubuchon*, 233 Ariz. 62, 64-65, ¶ 6 (2013) (as amended).

¶14 The Bonners raise two arguments with reasonable specificity: the superior court erred in (1) consolidating the cases; and (2) prohibiting use of certain evidence, possibly either a document from Hinshaw or certain emails between the parties. This court reviews a superior court's consolidation orders and evidentiary rulings for abuse of discretion. *See*

*Hancock v. McCarroll*, 188 Ariz. 492, 495 (App. 1996); *Larsen v. Decker*, 196 Ariz. 239, 241, ¶ 6 (App. 2000) (as amended).

**¶15** Arizona Rule of Civil Procedure 42 governs case consolidation and allows the superior court to "join for hearing or trial" any matters involving "a common question of law or fact." Ariz. R. Civ. P. 42(a)(1). Here, the Hinshaw interpleader and Stone Pillar's breach of contract suit arose from related transactions involving the same parties claiming ownership of the same funds. Accordingly, both matters involve "legal issues arising out of the same facts," and superior court did not abuse its discretion by consolidating the two cases. *See Hancock*, 188 Ariz. at 495.

**¶16** Turning to the evidentiary challenge, this court is mindful of its duty to "view the excluded evidence most favorably to the proponent." *Larsen*, 196 Ariz. at 241, ¶ 6. The Bonners, however, did not identify the items they attempted to introduce, providing neither a copy of the items nor a citation to their location in the record. As Stone Pillar correctly notes, the Bonners could be referring to a series of emails attached to the application for attorney fees or a letter from Hinshaw with escrow instructions. The Bonners may, in fact, be referencing another item altogether. Without knowing the specific piece of putative evidence at issue, this court cannot say the superior court abused its discretion or incorrectly applied the law by excluding it. *See id.*

**¶17** As appellants, the Bonners must support their arguments "with citations of legal authorities and appropriate references to the portions of the record on which" they rely. ARCAP 13(a)(7)(A); *see also MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient."). Because the Bonners failed to identify any specific error by the superior court or explain why the jury verdict should be overturned, the verdict is affirmed.

II.     Because Stone Pillar's damages were liquidated, it is entitled to prejudgment interest.

**¶18** "Whether a party is entitled to prejudgment interest is a question of law that [this court] review[s] *de novo.*" *State ex rel. Ariz. Structural Pest Control Comm'n v. Taylor*, 223 Ariz. 486, 487, ¶ 5 (App. 2010). "A claim is liquidated if the plaintiff provides a basis for precisely calculating the amounts owed." *John C. Lincoln Hosp. & Health Corp. v. Maricopa County*, 208 Ariz. 532, 544, ¶ 39 (App. 2004) (as amended).

¶19 Stone Pillar's complaint sought only "the balance of the proceeds from the sale of the [p]roperty." Throughout the trial, Stone Pillar's counsel told the jury his clients only sought the proceeds. Stone Pillar submitted evidence of approximately $160,000 in net expenses. True, Stone Pillar's calculations—as the superior court noted—contained errors. Even correcting for those errors, the evidence showed Stone Pillar's expenses exceeded the amount of the proceeds.

¶20 Each party claimed sole ownership of the proceeds—a specific sum of money—as a result of the other party's breach of contract. Though the jury had to weigh each side's arguments, the ultimate question was straightforward: which of these two parties was entitled to the proceeds? Because the "evidence furnishe[d] data which, if believed, [made] it possible to compute the amount with exactness, without reliance upon opinion or discretion," Stone Pillar's claim was liquidated. *See id.*

## ATTORNEY FEES ON APPEAL

¶21 Stone Pillar requests attorney fees on appeal under A.R.S. § 12–341.01. Because Stone Pillar is the prevailing party in an action arising out of contract, this court exercises its discretion to award reasonable attorney fees and costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

¶22 For the reasons set forth above, this court affirms the jury's verdict. This court vacates only the portion of the superior court's judgment denying Stone Pillar prejudgment interest. On remand, the superior court shall calculate the amount of prejudgment interest from the filing of Stone Pillar's complaint—January 4, 2017.



AMY M. WOOD • Clerk of the Court
FILED: AA