IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO



|   |   |   |
|---|---|---|
| MARISOL METZLER, | ) | |
| | ) | 2 CA-CV 2011-0133 |
| Plaintiff/Appellant, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| BCI COCA-COLA BOTTLING | ) | |
| COMPANY OF LOS ANGELES, INC., | ) | |
| a foreign corporation doing business in | ) | |
| Arizona, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20072433

Honorable Scott Rash, Judge

VACATED AND REMANDED

---

Hollingsworth Kelly
  By Louis Hollingsworth, Michael F. Kelly,
  and John F. Kelly

Tucson
Attorneys for Plaintiff/Appellant

Renaud Cook Drury Mesaros, PA
  By Tamara N. Cook, John A. Klecan,
  and Kevin R. Myer

Phoenix
Attorneys for Defendant/Appellee

---

B R A M M E R, Judge.

¶1      Appellant Marisol Metzler appeals from the trial court's ruling granting appellee BCI Coca-Cola Bottling Company of Los Angeles, Inc.'s (BCI) motion for

judgment on mandate. She contends the court erred by granting prejudgment interest from the date of the offer of judgment only to the date of the initial judgment, which had been vacated by the grant of BCI's motion for a new trial, instead of to the date of the judgment on mandate following this court's reversal of the trial court's grant of a new trial. For the reasons that follow, we vacate the judgment and remand.

## Procedural Background

¶2 On September 2, 2009, the trial court entered judgment for Metzler in the amount of $1,855,398.86 after a jury found BCI liable for Metzler's injuries sustained in a fall at a grocery store. BCI had rejected Metzler's May 10, 2007 offer of judgment for $150,000 and the court sanctioned BCI under Rule 68, Ariz. R. Civ. P., awarding prejudgment interest from the May 10 offer of judgment through the September 2 entry of the judgment after verdict.

¶3 On December 8, 2009, the trial court granted BCI's motion for a new trial on liability but denied a new trial on damages. BCI appealed the denial of a new trial on damages, and Metzler cross-appealed the grant of a new trial on liability. This court issued a memorandum decision reversing the grant of a new trial on liability, affirming the denial of a new trial on damages, and remanding the matter to the trial court for entry of final judgment. *Metzler v. BCI Coca-Cola Bottling Co.*, No. 2 CA-CV 2010-0023, ¶ 16 (memorandum decision filed Mar. 16, 2011).

¶4 In April 2011, BCI tendered, and Metzler accepted, payment of the damages awarded, Rule 68 sanctions from the date of the offer of judgment to September 2, 2009, post-judgment interest from September 3, 2009 through December 8,

2

2009, and costs on appeal.  BCI filed a motion for judgment on mandate, arguing prejudgment interest terminated on September 2.  Metzler responded, arguing prejudgment interest instead should accrue from the date of the offer of judgment until the trial court entered the final judgment on mandate.  On June 30, 2011, the court entered judgment on mandate, ruling that Rule 68 prejudgment interest terminated on September 2.  Metzler's motion for reconsideration was denied, and this appeal followed.

## Discussion

**¶5**　　　　Metzler contends the trial court erred by calculating prejudgment interest pursuant to Rule 68, Ariz. R. Civ. P., from the date of the offer of judgment to the date the initial judgment was entered rather than to the later date when the final judgment on mandate was entered.  We review the interpretation of court rules de novo.  *Warner v. Sw. Desert Images, LLC*, 218 Ariz. 121, ¶ 49, 180 P.3d 986, 1001 (App. 2008).  "The primary goal of construing a court rule 'is to discern and give effect' to the intent of the rule," beginning with the language of the rule.  *Id.*, *quoting Bridgestone/Firestone N. Am. Tire, L.L.C. v. A.P.S. Rent-A-Car & Leasing, Inc.*, 207 Ariz. 502, ¶ 15, 88 P.3d 572, 576 (App. 2004).  The language of the rule itself is the "best and most reliable indicator" of intent.  *Vega v. Sullivan*, 199 Ariz. 504, ¶ 9, 19 P.3d 645, 648 (App. 2001).

**¶6**　　　　Rule 68(g) states in relevant part:[1]

---

[1]Rule 68 was amended after Metzler made her offer of judgment.  Ariz. Sup. Ct. Order No. R-06-0010 (Sept. 5, 2007).  The current version of the rule applies to all actions or proceedings pending when the rule takes effect unless infeasible or if to do so "would work injustice."  Ariz. R. Civ. P. 81; *see also Drozda v. McComas*, 181 Ariz. 82, 86, 887 P.2d 612, 616 (App. 1994) (amended rule has retroactive application to pending

3

> If the offeree rejects an offer and does not later obtain a more favorable judgment . . . , the offeree must pay, as a sanction, reasonable expert witness fees and double the taxable costs, as defined in A.R.S. § 12-332, incurred by the offeror after making the offer and prejudgment interest on unliquidated claims to accrue from the date of the offer.

Both parties agree our decision depends on the interpretation of "judgment" in Rule 68(g). Metzler asserts the judgment on mandate was "the only judgment," and BCI contends "judgment" should be interpreted as "the judgment immediately following trial, not a judgment eventually obtained following an appeal."[2] "Judgment" "'is commonly understood to mean the act of a court which fixes clearly the rights and liabilities of the respective parties to litigation and determines the controversy at hand.'" *Berry v. 352 E. Va., L.L.C.*, 228 Ariz. 9, ¶ 28, 261 P.3d 784, 789 (App. 2011), *quoting Wolf Corp. v. Louis*, 11 Ariz. App. 352, 355, 464 P.2d 672, 675 (1970).

¶7        Although Rule 68 clearly establishes a starting point for the accrual of sanctions—the date the offer of judgment is made—it does not provide an explicit endpoint. However, it refers to "a more favorable judgment" as the event creating the right to sanctions. Additionally, the term "prejudgment" in "prejudgment interest" necessarily implies a period ending at judgment. *See* Ariz. R. Civ. P. 68(g). And the

---

action unless not feasible or would work injustice). Neither party here contends application of the amended rule would work an injustice.

[2]BCI's argument is based, in part, on its contention that Rule 68's focus is on the result at trial. However, whether Rule 68 sanctions apply depends on the court's judgment, not on the jury's verdict. *See Berry v. 352 E. Va., L.L.C.*, 228 Ariz. 9, ¶ 28, 261 P.3d 784, 789 (App. 2011). BCI also fails to explain how "the judgment immediately following trial" should be interpreted when more than one trial may occur.

4

taxable costs referred to in Rule 68 are required to be included in the judgment. A.R.S. § 12-347. Therefore, we must determine which judgment is to be used when calculating Rule 68 sanctions.

**¶8**        We conclude the September 2, 2009 judgment is not the relevant judgment for purposes of Rule 68(g). That judgment was vacated by the trial court's December 8, 2009 grant of BCI's motion for a new trial on the issue of liability. *See* Ariz. R. Civ. P. 59(a) (court may vacate judgment and grant new trial on motion of aggrieved party); *see also Nielson v. Patterson*, 204 Ariz. 530, ¶ 1, 65 P.3d 911, 911 (2003) (order granting new trial vacates original entry of judgment). "A vacated judgment lacks force or effect and places parties in the position they occupied before entry of judgment." *Nielson*, 204 Ariz. 530, ¶ 12, 65 P.3d at 914. The order in which the court granted BCI a new trial did not merely suspend the September 2 judgment; it vacated it.[3] *See id.* Because the September 2 judgment "lack[ed] force or effect," *see id.*, it did not "fix[] clearly the rights and liabilities of the respective parties to litigation and determine[] the controversy at hand." *Berry*, 228 Ariz. 9, ¶ 28, 261 P.3d at 789, *quoting Wolf Corp.*, 11 Ariz. App. at 355, 464 P.2d at 675. Consequently, the parties then were placed in the same positions they had occupied before the entry of that judgment—without a judgment for the comparative purposes of Rule 68(g). *See Nielson*, 204 Ariz. 530, ¶ 12, 65 P.3d at 914.

---

[3]The trial court stated that BCI had appealed from the September 2 judgment, implying the judgment then still was valid. However, BCI had not appealed properly from that judgment, but rather from the court's order granting it a new trial on damages. We had jurisdiction over that appeal because a party may appeal from the grant or denial of a motion for a new trial. A.R.S. § 12-2101(A)(5)(a).

**¶9** This interpretation is consistent with the settlement-promoting purpose of Rule 68.[4] *See Warner*, 218 Ariz. 121, ¶ 52, 180 P.3d at 1002; *see also McEvoy v. Aerotek, Inc.*, 201 Ariz. 300, ¶ 22, 34 P.3d 979, 984 (App. 2001) (court rules must be construed in light of purpose). Protracted litigation, including the possibility of a new trial or reversal on appeal, is an inherent risk a party takes when rejecting a Rule 68 offer of judgment.[5] *See Drozda v. McComas*, 181 Ariz. 82, 86, 887 P.2d 612, 616 (App. 1994) (decision whether to accept offer involves risk-benefit calculation). The possibility of sanctions throughout extended litigation only increases the incentive to settle early. *See Levy v. Alfaro*, 215 Ariz. 443, ¶ 12, 160 P.3d 1201, 1203 (App. 2007) (purpose of Rule 68 to avoid protracted litigation).

**¶10** Therefore, the trial court erred in determining Rule 68 prejudgment interest terminated with entry of the September 2 judgment. Our case law is clear—that

---

[4]The trial court relied on *Warner*, 218 Ariz. 121, ¶ 53, 180 P.3d at 1002, to conclude the purposes of Rule 68 are not served after the initial judgment, when "the offeree no longer has the ability to avoid the sanction." However, in *Warner* the offeree never had been able to accept the offer, *id.* ¶¶ 53-54 (when lien prevents party from accepting offer of judgment, Rule 68 sanctions may not be entered against it), and the court distinguished that a party should not be able to avoid Rule 68 sanctions where it "was not actually denied a meaningful choice between accepting the offer or proceeding with the action," *id.* ¶ 54.

[5]BCI relies on *Conant v. Whitney*, 190 Ariz. 290, 294, 947 P.2d 864, 868 (App. 1997), to argue that "a party has the right to defend an appeal without the threat of additional sanctions." It emphasizes the court's statement that "a post-judgment appellee . . . is entitled to rely on a presumption that the appealed-from judgment is correct." *Id.* That policy led the court to conclude Rule 68 "does not allow a party to file an offer of judgment while a case is on appeal from a final judgment." *Id.* But the court explicitly distinguished that case from those involving the pendency of a new trial. *Id.* *Conant* provides no support to BCI's argument because the September 2 judgment was vacated.

6

judgment had no "force or effect" following the court's grant of a new trial. *See Nielson*, 204 Ariz. 530, ¶ 12, 65 P.3d at 914. Consequently, here, the judgment on mandate was the only judgment "later obtain[ed]" for purposes of determining prejudgment interest pursuant to Rule 68(g). Of course, we vacate that judgment here. Accordingly, the judgment entered by the court on remand will be the judgment determining prejudgment interest.

**Disposition**

**¶11** For the foregoing reasons, the judgment against BCI and in favor of Metzler is vacated, and we remand to the trial court for redetermination and the entry of judgment consistent with this opinion.

/s/ *J. William Brammer, Jr.*
J. WILLIAM BRAMMER, JR., Judge

CONCURRING:


/s/ *Joseph W. Howard*
JOSEPH W. HOWARD, Chief Judge


/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge