IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**MARISOL METZLER**,
*Plaintiff/Appellee*,

*v.*

**BCI COCA-COLA BOTTLING COMPANY OF LOS ANGELES, INC.**, DBA **BCI COCA-COLA BOTTLING COMPANY OF ARIZONA**, A FOREIGN CORPORATION DOING BUSINESS IN ARIZONA,
*Defendant/Appellant.*

No. CV-13-0302-PR
Filed July 11, 2014

Appeal from the Superior Court in Pima County
The Honorable Gus Aragón, Judge
No. C20072433
**REVERSED AND REMANDED**

Opinion of the Court of Appeals, Division Two
233 Ariz. 133, 310 P.3d 9 (App. 2013)
**VACATED**

COUNSEL:

Louis Hollingsworth, Michael F. Kelly (argued), John F. Kelly, Hollingsworth Kelly, Tucson, for Marisol Metzler

Susan M. Freeman (argued), William G. Voit, Lewis Roca Rothgerber LLP, Phoenix; and Tamara N. Cook, Kevin R. Myer, Renaud Cook Drury Mesaros, Phoenix, for BCI Coca-Cola Bottling Company of Los Angeles, Inc., dba BCI Coca-Cola Bottling Company of Arizona

Charles M. Callahan, Jones Skelton & Hochuli, PLC, Phoenix, for Amicus Curiae Arizona Association of Defense Counsel

David L. Abney, Knapp & Roberts, P.C., Scottsdale, for Amicus Curiae Tidmore Law Offices, L.L.P.

---

VICE CHIEF JUSTICE PELANDER authored the opinion of the Court, in which CHIEF JUSTICE BALES, JUSTICE BERCH, JUSTICE BRUTINEL, and JUSTICE TIMMER joined.

---

VICE CHIEF JUSTICE PELANDER, opinion of the Court:

**¶1** The issue here is whether prejudgment interest awarded as a sanction pursuant to Arizona Rule of Civil Procedure 68(g) is interest on an "obligation" under A.R.S. § 44-1201(A) or "interest on a[] judgment" under § 44-1201(B). We hold that it is interest on a judgment and, therefore, the applicable prejudgment interest rate in this case is 4.25% under subsection (B), rather than 10% under subsection (A).

**I.**

**¶2** This case is complicated in its procedural history but not its underlying facts. While shopping at a Tucson grocery store, Marisol Metzler slipped and fell on water leaking from a refrigerator owned and maintained by BCI Coca-Cola Bottling Co. In the personal injury action that followed, Metzler made an offer of judgment to settle for $150,000, which BCI rejected. The case went to trial, and the jury returned a verdict in Metzler's favor, awarding her $1.5 million in damages.

**¶3** On September 2, 2009, the trial court entered judgment in the amount of $1,855,398.86, which included $347,672.16 in prejudgment interest under Rule 68(g) as a sanction against BCI for rejecting Metzler's offer of judgment. The court calculated the interest at the then-applicable rate of 10% per annum. BCI timely moved for a new trial on both liability and damages. The trial court granted the motion in part on December 8, ordering a new trial on liability only and vacating its earlier judgment.

**¶4** Both sides appealed. On March 16, 2011, the court of appeals reversed the grant of a new trial on liability and affirmed the trial court's denial

of a new trial on damages. *Metzler v. BCI Coca-Cola Bottling Co.* ("*Metzler I*"), No. 2 CA-CV 2010-0023, 2011 WL 917330, at *5 ¶ 16 (memorandum decision filed March 16, 2011).

**¶5**        On April 28, 2011, BCI tendered, and Metzler accepted, payment of $1,906,690.76, representing (1) "[t]he amount of the final judgment entered on September 2, 2009," (2) post-judgment interest on that amount from September 3 through December 8, 2009, and (3) taxable costs on appeal. The monies were tendered "unconditionally and without prejudice to the rights of either party," including Metzler's "right[] to claim she is entitled to pre-judgment interest from September 3, 2009 to [April 28, 2011]."

**¶6**        On May 11, 2011, the court of appeals issued its mandate in *Metzler I*. In moving for judgment on the mandate, BCI argued that prejudgment interest ended on September 2, 2009, when the trial court first entered judgment, rather than on the date of the mandate. The trial court agreed and, on June 30, 2011, entered judgment on the mandate in the amount tendered.

**¶7**        Metzler appealed and the court of appeals reversed, concluding that the trial court erred in calculating prejudgment interest only up to the September 2009 judgment, which had no "force or effect" after the trial court granted a new trial on liability and vacated that judgment. *Metzler v. BCI Coca-Cola Bottling Co.* ("*Metzler II*"), 230 Ariz. 26, 28 ¶ 8, 279 P.3d 1188, 1190 (App. 2012) (internal quotation marks omitted). The court of appeals then vacated the June 2011 judgment and remanded for a redetermination of prejudgment interest and entry of a new judgment reflecting the correct amount. *Id.* at 29 ¶ 11, 279 P.3d at 1191.

**¶8**        On remand, Metzler sought a total award of $2,135,867.03, again calculating prejudgment interest at the rate of 10% per annum. Citing a 2011 amendment to A.R.S. § 44-1201, BCI argued that the applicable rate was instead 1% per annum plus the prime rate, or 4.25%. The trial court rejected that argument and entered judgment in Metzler's favor on October 10, 2012.

**¶9**         The court of appeals affirmed, holding that prejudgment interest under Rule 68(g) is interest on an "obligation," thus entitling Metzler to the 10% rate set forth in § 44-1201(A). *Metzler v. BCI Coca-Cola Bottling Co.* ("*Metzler III*"), 233 Ariz. 133, 137 ¶¶ 10–11, 139 ¶ 18, 310 P.3d 9, 13, 15 (App. 2013). The court also held that BCI owed Metzler an additional $28,568.80 in prejudgment interest that had accrued between the date of the tender and the October 10, 2012 judgment. *Id.* at 139 ¶¶ 20–21, 310 P.3d at 15.

**¶10**         We granted review of two issues: (1) whether the court of appeals erred in holding that prejudgment interest awarded under Rule 68(g) is interest on an "obligation" under § 44-1201(A), rather than interest on a judgment under subsection (B); and (2) whether a tender of the full principal amount of a damage award ends the accrual of additional prejudgment interest.

## II.

**¶11**         Under common law, "[p]rejudgment interest on a liquidated claim is a matter of right in an action on a contract or in tort." *State ex rel. Ariz. Structural Pest Control Comm'n v. Taylor*, 223 Ariz. 486, 488 ¶ 6, 224 P.3d 983, 985 (App. 2010) (citing *Fleming v. Pima Cnty.*, 141 Ariz. 149, 155, 685 P.2d 1301, 1307 (1984)). But prejudgment interest is generally not awardable on unliquidated claims, including personal injury claims. *See Am. Eagle Fire Ins. Co. v. Van Denburg*, 76 Ariz. 1, 6, 257 P.2d 856, 859 (1953) (holding that interest on an unliquidated claim is available only from the date of judgment); *Ariz. E. R.R. Co. v. Head*, 26 Ariz. 259, 262, 224 P. 1057, 1059 (1924) (interest accrues on unliquidated, disputed personal injury damage claims only after claim is liquidated by verdict); *see also* A.R.S. § 44-1201(D)(1) ("A court shall not award . . . [p]rejudgment interest for any unliquidated, future, punitive or exemplary damages that are found by the trier of fact.").

**¶12**         Rule 68 "allows either party to serve upon the adverse party an offer to allow judgment to be entered in accordance with the terms of the offer." *4501 Northpoint LP v. Maricopa Cnty.*, 212 Ariz. 98, 99 ¶ 4, 128 P.3d 215, 216 (2006) (citing Ariz. R. Civ. P. 68(a)). As amended in 1992, subsection (g) of the rule states:

> If the offeree rejects an offer and does not later obtain a more favorable judgment . . . the offeree must pay, as a sanction, reasonable expert witness fees and double the taxable costs, as

defined in A.R.S. § 12-322, incurred by the offeror after making the offer and prejudgment interest on unliquidated claims to accrue from the date of the offer.

Ariz. R. Civ. P. 68(g). This amendment sought "to increase the sanctions associated with failures to accept offers of judgment to include . . . post-offer prejudgment interest on unliquidated claims." Ariz. R. Civ. P. 68, State Bar Committee Note, 1992 Amendments. By imposing as a sanction against a losing offeree an award of "prejudgment interest on unliquidated claims," Rule 68(g) permits the successful offeror to obtain monies to which she would otherwise not be legally entitled.

## III.

¶13 Whether the rate for prejudgment interest awarded pursuant to Rule 68(g) is governed by § 44-1201(A) or § 44-1201(B) is an issue of statutory interpretation, which we review de novo. *See Pima Cnty. v. Pima Cnty. Law Enforcement Merit Sys. Council*, 211 Ariz. 224, 227 ¶ 13, 119 P.3d 1027, 1030 (2005). Our primary purpose in interpreting statutes is to give effect to the legislature's intent. *Sell v. Gama*, 231 Ariz. 323, 327 ¶ 16, 295 P.3d 421, 425 (2013). If the statute's language is clear, "it controls unless an absurdity or constitutional violation results." *Id.* But if the text is ambiguous, we also consider "the statute's context; its . . . subject matter, and historical background; its effects and consequences; and its spirit and purpose," *Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, 383 ¶ 8, 296 P.3d 42, 46 (2013) (internal quotation marks omitted), as well as other applicable canons of statutory construction. We seek to harmonize, whenever possible, related statutory and rule provisions. *State v. Hansen*, 215 Ariz. 287, 289 ¶ 7, 160 P.3d 166, 168 (2007).

¶14 When Rule 68(g) was amended in 1992, the version of § 44-1201(A) then in effect provided for a 10% per annum interest rate on any loans, indebtedness, judgments, or other obligations. *See* A.R.S. § 44-1201 (1989) (amended in 1997). Thus, from 1992 to 2011, § 44-1201 did not differentiate between judgments and other obligations, or between prejudgment and post-judgment interest on judgments. Nor does Rule 68 indicate that its sanction of prejudgment interest on unliquidated claims should be measured at a higher or different rate than that otherwise applicable to prejudgment or post-judgment interest on judgments.

¶15         In 2011, the legislature amended § 44-1201, uncoupling "judgments" from "loans, indebtedness, or other obligations" so as to "limit" the interest applicable to judgments.  Arizona Senate Fact Sheet, S.B. 1212, 50th Leg., 1st Reg. Sess. (Apr. 13, 2011).  Effective July 20, 2011, § 44-1201 now reads in pertinent part:

> A.  Interest on any loan, indebtedness or other obligation shall be at the rate of ten percent per annum, unless a different rate is contracted for in writing, in which event any rate of interest may be agreed to. . . .

> B.  Unless specifically provided for in a statute or a different rate is contracted for in writing, interest on any judgment shall be at the lesser of ten percent per annum or at a rate that is equal to one percent plus the prime rate . . . .

> . . . .

> F.  If awarded, prejudgment interest shall be at the rate described in subsection A or B of this section.

¶16         It is unclear from the text of § 44-1201 whether, as the court of appeals concluded, the phrase "other obligation" in subsection (A) should be construed broadly to include "prejudgment interest on unliquidated claims" under Rule 68(g).  Because the statute does not define "obligation," we interpret the term according to its ordinary meaning.  *See Jennings v. Woods*, 194 Ariz. 314, 323 ¶ 42, 982 P.2d 274, 283 (1999).

¶17         On the one hand, "obligation" could simply mean "[a] legal or moral duty to do or not do something," *Black's Law Dictionary* 1179 (9th ed. 2009), a definition that arguably encompasses a mandatory Rule 68(g) sanction.  *See Webster's II New College Dictionary* 754 (1995) (defining "obligation" as "[t]he act of binding oneself by a social, moral, or legal tie").  On the other hand, the term "obligation" can plausibly be viewed more narrowly as "[a] formal, binding agreement . . . to pay a certain amount or to do a certain thing for a particular person or set of persons." *Black's Law Dictionary* 1179; *see Webster's II New College Dictionary* 754 (alternatively defining "obligation" as "[a] legal agreement stipulating a specified payment or action and often a specified penalty for failure to comply").  As BCI notes, prejudgment interest under Rule 68(g) is not part of a negotiated agreement; rather, it is a sanction that is linked to, and dependent

on, entry of a "judgment" that is more favorable to the offeror than the offer made. Because § 44-1201 is reasonably susceptible to multiple constructions, it is ambiguous. *See State v. Whitman*, 234 Ariz. 565, 566 ¶ 7, 324 P.3d 851, 852 (2014) (noting that an ambiguity exists when the text "may be reasonably understood in two or more ways").

¶18 Considering the history and context of § 44-1201, *see* ¶¶ 14–15, *supra*, we disagree with the court of appeals' holding. In addition, under the *ejusdem generis* canon of statutory interpretation, "general words [that] follow the enumeration of particular classes of persons or things should be interpreted as applicable only to the persons or things of the same general nature or class." *Estate of Braden ex rel. Gabaldon v. State*, 228 Ariz. 323, 326 ¶ 13, 226 P.3d 349, 352 (2011) (internal quotation marks omitted). Thus, the phrase "other obligation" in subsection (A) is most appropriately interpreted to apply only to things of the same nature or class as "loan" and "indebtedness," the terms that precede it.

¶19 A loan is commonly understood as "money lent at interest," and an indebtedness is "something (as an amount of money) that is owed." *Webster's Ninth New Collegiate Dictionary* 612, 700 (1983). Prejudgment interest awarded under Rule 68(g) is markedly different. Unlike loans and indebtedness, it depends on a judgment for its existence. Accordingly, prejudgment interest, even when imposed as a sanction, is not an "other obligation" for purposes of § 44-1201(A). *Cf. Taylor*, 223 Ariz. at 489 ¶ 12, 224 P.3d at 986 (holding that § 44-1201 "does not provide expressly for the accrual of interest on a penalty of any sort" and that "the established definitions of 'indebtedness' [and] 'obligation' [do not] necessarily encompass penalties").

¶20 As BCI acknowledges, Rule 68(g) could be viewed as giving rise to a right or entitlement to prejudgment interest. But that right is contingent on the successful party obtaining "a more favorable judgment" than what it previously offered to accept in settlement. Ariz. R. Civ. P. 68(g). What would otherwise be an unliquidated claim on which no prejudgment interest is owed becomes liquidated, memorialized, and enforceable only when judgment is entered, even though the time frame for which prejudgment interest is owed obviously predates the judgment.

¶21 We agree with the court of appeals that "the source of prejudgment interest imposed as a sanction under Rule 68(g) is the rule itself, not the judgment." *Metzler III*, 233 Ariz. at 138 ¶ 17, 310 P.3d at 14. But the interest due and owing is necessarily "on" the judgment for purposes of § 44-1201 because

prejudgment interest, when recoverable only as a Rule 68(g) sanction, is not on a "loan, indebtedness or other obligation."

¶22    Indeed, if a Rule 68(g) sanction were considered an "obligation," that would result in assessing interest on interest under § 44-1201(A) because the rule-created sanction is, at bottom, solely prejudgment interest.  But the statute does not contemplate or provide for compound interest.  *See Westberry v. Reynolds*, 134 Ariz. 29, 34, 653 P.2d 379, 384 (App. 1982) (holding that prior version of § 44-1201(A) mandates simple interest, not compound interest, for any legal indebtedness).

¶23    Construing "obligation" as the principal to which prejudgment interest is applied avoids this result and is consistent with our practice of harmonizing Rule 68 with surrounding law.  *See Hall v. Read Dev., Inc.*, 229 Ariz. 277, 282–83 ¶ 19, 274 P.3d 1211, 1216–17 (App. 2012) (meshing Rule 68 with A.R.S. § 12-341.01 and noting that procedural rules and statutes should be read together and harmonized whenever possible); *Hansen*, 215 Ariz. at 289 ¶ 7, 160 P.3d at 168.  For all these reasons, we conclude that prejudgment interest awarded under Rule 68(g) is "interest on a[] judgment" within the meaning of § 44-1201(B).

## IV.

¶24    Metzler alternatively argues that she has a vested, substantive right to the 10% prejudgment interest rate prescribed in the pre-2011 version of § 44-1201.  She contends that the date became fixed on May 11, 2011, when the court of appeals issued its mandate in *Metzler I*.  But that argument runs afoul of *Metzler II*, in which the court of appeals concluded that the trial court's September 2009 judgment had no force or effect.  230 Ariz. at 28 ¶ 8, 279 P.3d at 1190; *see* ¶ 7, *supra*.  Similarly, the trial court's judgment of June 30, 2011 lost its effect when the court of appeals vacated it in *Metzler II*.  230 Ariz. at 29 ¶ 10, 279 P.3d at 1191.

¶25    Given the procedural history of this case, there was no effective "judgment for the comparative purposes of Rule 68(g)" until October 10, 2012, when the trial court entered judgment on the *Metzler II* mandate.  *Id.* at 28 ¶ 8, 279 P.3d at 1190.  The current version of § 44-1201 took effect on July 20, 2011, and it applies to "all judgments that are entered on or after that date."  *See* S.B. 1212, ch. 99, § 17(B) (Applicability); *cf. McBride v. Superior Court*, 130 Ariz. 193, 194, 635 P.3d 178, 179 (1981) (holding that, absent an agreement to the contrary,

"the interest rate stated in [a] judgment by statute is . . . subject to later modification by statute"); *Metzler III*, 233 Ariz. at 136 ¶ 7 n.1, 310 P.3d at 12 n.1 (citing *State ex rel. Miller v. Beardsley Indus. Prop.*, 173 Ariz. 19, 24, 839 P.2d 444 (App. 1992) (holding that a statute providing for compound interest in condemnation actions applied retroactively to a taking that occurred before the statute's effective date)).

## V.

¶26      Given our conclusion that the applicable rate for prejudgment interest under Rule 68(g) in this case is 4.25% based on § 44-1201(B), BCI's unconditional tender in April 2011 more than satisfied, and thus fully extinguished, the judgment debt BCI owed.  According to our calculations, BCI owed Metzler $253,078.77 in prejudgment interest as of April 28, 2011, when BCI made the unconditional tender.  Because that amount is significantly less than the prejudgment interest that BCI unconditionally tendered, there is indisputably no remaining balance.  We thus need not address whether a tender of the full amount of a damage award ends the accrual of additional prejudgment interest.

## VI.

¶27      We vacate the court of appeals' opinion in *Metzler III*, reverse the superior court's October 10, 2012 judgment, and remand to that court for entry of judgment in accordance with this opinion.