NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

JOHN ROGONE, et al., *Plaintiffs/Appellants*,

*v.*

ROSIRA SASSER, *Defendant/Appellee*.

No. 1 CA-CV 16-0293
FILED 3-23-2017

---

Appeal from the Superior Court in Maricopa County
No.  CV2007-015015
The Honorable J. Richard Gama, Judge (Retired)

**AFFIRMED, AS MODIFIED, AND REMANDED**

---

COUNSEL

Henman Law Firm PC, Phoenix
By G. Lee Henman, Jr.
*Counsel for Plaintiffs/Appellants*

Jaburg & Wilk, PC, Phoenix
By Roger L. Cohen, Kathi N. Sandweiss
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Maurice Portley[1] delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Chief Judge Michael J. Brown joined.

---

**P O R T L E Y**, Judge:

**¶1**　　　　John Rogone[2] and Jason Rogone, individually and as successor co-trustees of the Alfredo Correia and Mary F. Correia Trust (the "Trust") (collectively "the Rogones"), challenge an amended judgment granting Rosira Sasser ("Rose") a homestead exemption on property they acquired in a sheriff's sale in 2011, which awarded ten percent post-judgment interest on the homestead exemption funds. Because we find no error, we affirm the Fourth Amended Judgment, but modify it to correct the post-judgment interest award to Rose and remand solely for entry of judgment reflecting the correct post-judgment interest rate.

### FACTUAL[3] AND PROCEDURAL BACKGROUND

**¶2**　　　　The Rogones sued Rose, their mother, in 2004 in California, naming her as a defendant in her capacity as the then-trustee of the Trust. Rose completed three property transactions while the suit was pending. The Rogones prevailed in the California action, domesticated the judgment in Arizona, and alleged that Rose's three property transactions were fraudulent under Arizona's Uniform Fraudulent Transfer Act, Arizona Revised Statutes ("A.R.S.") § 44-1001, *et seq.* An advisory jury found all

---

[1] The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2] Although John Rogone had his name legally changed, we use his former name in this decision.

[3] We recite those facts relevant to the current appeal, recognizing additional background can be found in the prior appeal. *Rogone v. Correia*, 236 Ariz. 43 (App. 2014).

three property transactions were fraudulent transfers and the superior court adopted the verdict of the advisory jury.

¶3        This appeal involves the property the parties call the "Bronco Trail Property."   Consistent with the advisory jury's findings, the court ordered that property be sold and that the sale proceeds be applied to the Rogones' judgment.  Shortly after the entry of judgment, but before the property was sold, Rose moved into the Bronco Trail Property and claimed it was exempt from collection as her homestead under A.R.S. § 33-1101(A).

¶4        The Rogones purchased the Bronco Trail Property at a sheriff's sale on January 6, 2011, and received the sheriff's deed six months later.  The superior court subsequently denied Rose's claim for a homestead exemption on equitable grounds.  Rose appealed the ruling and we reversed, holding that the homestead exemption did not depend on any equitable factors.  *Rogone v. Correia*, 236 Ariz. 43, 49, ¶ 18 (App. 2014).  We also determined that Rose could "declare a homestead at any time prior to sale, and may designate the property to which the exemption will apply if she owns more than one."  *Id*. at 50, ¶ 19.

¶5        After our mandate issued, which re-vested jurisdiction in the superior court, Rose submitted a proposed Fourth Amended Judgment that included the following language:

> THE COURT FINDS:
>
> 1.      Rose is and has been, and at all times from and after entry of [the Arizona November 2009] Judgment, entitled to claim a homestead exemption in the Bronco Trail Property. Upon Sheriff's Sale and issuance of Sheriff's Deed to the Bronco Trail Property, Rose was improperly denied her homestead exemption.
>
> 2.      The proceeds from the sale of the Bronco Trail Property, to the extent of the $150,000 exemption under A.R.S. § 33-1101, disbursed to or on behalf of [the Rogones], or to or on behalf of anyone other than Rose, were improperly disbursed and must be returned.
>
> THEREFORE, IT IS ORDERED ADJUDGED AND DECREED that Rose Sasser shall recover from [the Rogones] . . . the statutory homestead exemption amount of $150,000, plus interest accruing at the rate of 10% per annum from July 26, 2011 until paid in full . . . .

The Rogones objected to that proposed judgment on several grounds. They first claimed that this court "only found it was improper to deny [Rose] a homestead exemption based on equitable considerations. It did not find she was entitled to a homestead exemption or provide any instruction on how it was to be applied, if at all." They also argued that the ten percent interest rate was incorrect because the legislature amended the prejudgment interest statute, A.R.S. § 44-1201, on July 20, 2011—six days before the date listed above—and changed the default interest rate on judgments to the prime rate plus one percent. The Rogones later suggested that further proceedings were necessary to determine whether Rose had either abandoned the homestead or committed waste between March 2010, when she first claimed the homestead, and July 2011, when the sheriff's sale took place. They also claimed that Rose's claim was not for a homestead exemption but for restitution because the Bronco Trail Property had already been sold.

¶6        The superior court signed Rose's proposed Fourth Amended Judgment effective *nunc pro tunc* to November 24, 2009, over the Rogones' objections. The Rogones timely appealed. We stayed the appeal to allow them to obtain a final judgment pursuant to Arizona Rule of Civil Procedure 54(c), which they did. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.        The Record Supports Rose's Homestead Exemption Claim.

¶7        The Rogones first challenge the finding that "Rose is and has been, and at all times, from and after entry of Judgment, entitled to claim a homestead exemption in the Bronco Trail Property." We do not disturb a trial court's factual findings unless they are clearly erroneous. *Ramsey v. Ariz. Registrar of Contractors*, 241 Ariz. 102, 109, ¶ 22 (App. 2016). A finding of fact is not clearly erroneous if substantial evidence supports it, even if substantial conflicting evidence exists. *Id*. (quoting *Kocher v. Dep't of Revenue of Ariz.*, 206 Ariz. 480, 482, ¶ 9 (App. 2003)).

¶8        The Rogones contend the court should have conducted an evidentiary hearing to determine whether Rose "intended to permanently remove herself from the Bronco Trail Property and thereby abandon her homestead" under A.R.S. § 33-1104(A)(3). Rose supported her claim with two affidavits dated December 3, 2009, and March 25, 2010. The Rogones did not attempt to refute either affidavit and presented no evidence to

4

suggest Rose abandoned the property at any time before the 2011 sheriff's sale.

¶9          We have already determined that Rose could "declare a homestead at any time prior to sale." *Rogone*, 236 Ariz. at 50, ¶ 20. The Rogones could have raised their abandonment claim at any time after Rose declared her homestead, but did not do so until the parties submitted proposed Fourth Amended Judgment forms in October 2015. By that time, Rose had been out of the Bronco Trail Property for at least two years as a result of the sheriff's sale. If the Rogones desired to raise factual disputes, such as whether Rose abandoned the property as a challenge to her homestead, they were required to raise it timely to the superior court and in response to Rose's appeal. *See PLM Tax Certificate Program 1991-92, L.P. v. Schweikert*, 216 Ariz. 47, 50, ¶ 16 (App. 2007) ("Issues that should have been raised in a first appeal cannot be raised or considered in a second appeal."). Because they did not timely raise the issue to the superior court and in their first appeal, they have waived the issue in this appeal.

## II.     The Rogones Had Ample Opportunity to Present Evidence of Waste.

¶10          The Rogones also contend the court should have conducted an evidentiary hearing to determine whether Rose had committed waste, arguing based on a footnote in an unpublished memorandum decision that waste can serve as an offset to a homestead exemption.[4] Assuming without deciding the legitimacy of the argument, there is no evidence of waste in the record. Again, Rose has not lived in the Bronco Trail Property since 2011, and the Rogones could have offered evidence of any alleged waste years ago. Their attempt to raise the issue for the first time after entry of the Fourth Amended Judgment in 2015 is far too late, and the issue has been waived. *See Schweikert*, 216 Ariz. at 50, ¶ 16.

¶11          The Rogones also claim Rose's homestead exemption became a restitution claim, and therefore subject to equitable defenses, after we issued our 2014 opinion in Rose's appeal, reversing the earlier judgment denying her a homestead exemption. *See Rogone*, 236 Ariz. at 49, ¶ 18; *see also Raimey v. Ditsworth*, 227 Ariz. 552, 559, ¶ 21 (App. 2011) ("Funds paid by a judgment debtor to a judgment creditor must be refunded to the debtor if the judgment has been set aside and 'justice requires restitution.'") (quoting *United States v. Morgan*, 307 U.S. 183, 197 (1939)). Rose's

---

[4] *Monroe v. Gagan*, Case No. CV 13-0273, 2015 WL 3917976, at *4 n.4-5, ¶¶ 13-14 (App. June 25, 2015).

homestead exemption, however, automatically attached to her interest in the "identifiable cash proceeds from the . . . involuntary sale of the property." A.R.S. § 33-1101(C). And given that we had already determined that the homestead exemption is not subject to equitable defenses, *Rogone*, 236 Ariz. at 49-50, ¶¶ 18-19, there is no basis for the argument and we will not address it further.

## III. The Superior Court Applied an Incorrect Interest Rate to Rose's Homestead Exemption.

**¶12**        The Rogones contend the court erred in awarding Rose ten percent interest on her homestead exemption from July 26, 2011, forward. Instead, the Rogones argue that Rose should receive post-judgment interest at one percent above the federal prime rate under the current A.R.S. § 44-1201(B), which became effective on July 20, 2011.[5] *See Metzler v. BCI Coca-Cola Bottling Co. of Los Angeles, Inc.*, 235 Ariz. 141, 145, ¶ 15 (2014). Rose responds that ten percent is the correct rate because the court entered the Fourth Amended Judgment *nunc pro tunc* to November 24, 2009.

**¶13**        Although the Fourth Amended Judgment was entered *nunc pro tunc*, Rose was not entitled to claim the proceeds of her homestead exemption until after the sheriff's sale and the issuance of the deed. The Fourth Amended Judgment specifically recognized that her claim did not arise before 2011, and states that post-judgment interest would begin to accrue on Rose's homestead exemption on July 26, 2011, the date the Rogones acquired the sheriff's deed after the sale of the property. As a result, the lesser interest rate in the current version of A.R.S. § 44-1201(B) applies. And as of July 26, 2011, the federal prime rate was 3.25 percent, making the correct statutory interest rate on Rose's homestead exemption 4.25 percent from July 26, 2011 until paid in full.[6] A.R.S. § 44-1201(B).

---

[5] The current A.R.S. § 44-1201(B) states, in relevant part: "Unless specifically provided for in statute or a different rate is contracted for in writing, interest on any judgment shall be at the lesser of ten per cent per annum or at a rate per annum that is equal to one per cent plus the prime rate as published by the board of governors of the federal reserve system in statistical release H.15 or any publication that may supersede it on the date that the judgment is entered."

[6] *See* Board of Governors of the Federal Reserve System, https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15

**CONCLUSION**

**¶14** We affirm the Fourth Amended Judgment, except that we modify the interest rate on Rose's post-judgment interest to 4.25 percent from July 26, 2011, until paid in full. And, as a result, we remand this matter to the superior court solely for entry of an amended judgment reflecting the correct post-judgment interest rate for Rose's homestead exemption. Finally, given the Rogones' success on the interest rate, we award them their costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

(confirming the July 26, 2011 prime rate as 3.25 percent) (last viewed March 8, 2017).