NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ROGER ASHKENAZI, et al., *Plaintiffs/Appellees*,

*v.*

JOSEPH L. BALDINO, et al., *Defendants/Appellants/Appellees*.

ML MANAGER, et al., *Intervenors/Appellees*,

No. 1 CA-CV 19-0049
1 CA-CV 19-0050
(Consolidated)
FILED 3-31-2020

Appeal from the Superior Court in Maricopa County
No.  CV2014-000071
CV2014-006829
(Consolidated)
The Honorable Roger E. Brodman, Judge

**REVERSED AND REMANDED**

COUNSEL

Broening, Oberg, Woods & Wilson PC, Phoenix
By Robert T. Sullivan, Sarah L. Barnes, Jathan P. McLaughlin
*Counsel for Defendants/Appellants*

The Sifferman Law Firm PLLC, Phoenix
By Mark S. Sifferman
*Counsel for Defendants/Appellees*

Sherman & Howard LLC, Phoenix
By David A. Weatherwax, Craig A. Morgan, Matthew A. Hesketh
*Counsel for Plaintiffs/Appellees*

Moyes, Sellers & Hendricks, Phoenix
By Keith L. Hendricks, Joshua T. Greer
*Counsel for Intervenor/Appellee ML Manager*

Ryan, Rapp, Underwood, & Pacheco PLC, Phoenix
By J. Henk Taylor
*Counsel for Intervenors/Appellees Brown*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge David D. Weinzweig and Judge David B. Gass joined.

---

**H O W E**, Judge:

¶1        Joseph Baldino, Eva Sperber-Porter, and others appeal the trial court's granting Roger Ashkenazi and others summary judgment on their breach of contract claim. For the following reasons, we reverse and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

¶2        Baldino, Sperber-Porter, Ashkenazi, and others invested in Mortgages Ltd., a mortgage lender ("Lender"). In 2010, after Lender went bankrupt, Baldino and Sperber-Porter organized a group of plaintiffs, including Ashkenazi and other individuals, entities, and trusts (collectively the "Baldino and Ashkenazi Group"), to file a class action against Greenberg Traurig ("GT") and others alleging securities fraud for concealing Lender's financial condition. Baldino and Sperber-Porter were members of a three-person steering committee that was responsible for the day-to-day decisions and assisting the attorneys in the litigation. The Baldino and Ashkenazi Group opted out of other class action lawsuits filed by other Lender investors, including *Facciola, et al. v. Greenberg Traurig, LLP, et al.*, U.S. District Court, District of Ariz., Case No. 2:10-cv-01025-FJM, in federal court, and a lawsuit filed by the Marsh Group in state court.

**¶3** The Baldino and Ashkenazi Group signed an Engagement Agreement with attorneys Rickman Brown and Jeff Ross, and a separate agreement among themselves (the "Intra-Client Agreement"). Each agreement contained a "majority rule" provision that stated each claimant would be bound by any settlement collectively accepted by plaintiffs who held a majority of recoverable "Net Losses" asserted in the claim.

**¶4** GT requested a joint mediation with the different class action lawsuits filed against it so it could attempt to reach a global settlement. Before mediation, the Baldino and Ashkenazi Group attorneys held a meeting to obtain settlement authority. A majority of the Baldino and Ashkenazi Group voted to give its attorneys settlement authority for a specified amount, while Baldino and Sperber-Porter objected. Baldino told the Baldino and Ashkenazi Group that he would not attend the mediation. Sperber-Porter flew to New York to attend the mediation, but the attorneys told her she needed to leave. Following mediation, the attorneys settled with GT for an amount greater than the minimum settlement authority the Baldino and Ashkenazi Group authorized. In June 2012, the attorneys filed a "Notice of Settlement." The settlement terms provided that

> [t]he Settlement Payment Date shall be the date ten (10) business days following the *latest* of (i) the last date on which each of the Ashkenazi Plaintiffs has executed an Acknowledgement of Claim and Settlement Agreement and Release in the form attached hereto as Exhibit A and delivered same to GT's Counsel, (ii) the date on which the Bar Orders entered by the Court, as referred to in Section 4 below, becomes Final, (iii) the date on which the Judgment in the Facciola Action becomes Final, and (iv) the dismissal with prejudice of the Ashkenazi Action.

**¶5** The members of the Baldino and Ashkenazi Group, except for Baldino and Sperber-Porter, signed and returned the Acknowledgement of Claim and Settlement Agreement and Release Forms. GT and the Baldino and Ashkenazi Group moved for entry of final judgment and bar orders. Baldino and Sperber-Porter opposed the settlement agreement, arguing that the Baldino and Ashkenazi Group's attorneys did not have authority to bind them to the settlement. The trial court found that the attorneys had actual authority to bind Baldino and Sperber-Porter and entered final judgment and bar orders. This Court affirmed in *Baldino v. Ashkenazi*, 1 CA-CV 16-0404, 2017 WL 4413765 (Ariz. App. Oct. 5, 2017).

¶6         The remaining members of the Baldino and Ashkenazi Group, known as the Ashkenazi Plaintiffs, sued Baldino and Sperber-Porter for, among other things, breaching the Intra-Client Agreement and Engagement Agreement, resulting in a delayed payment of the GT settlement from January 2013 to August 2019. The lawsuit alleged that GT was prepared to pay the settlement by January 14, 2013, but Baldino and Sperber-Porter's conduct caused a multi-year delay until GT finally paid in August 2018.

¶7         Both parties moved for summary judgment on the breach of contract claim. The trial court found for the Ashkenazi Plaintiffs. As a result, the trial court awarded the Ashkenazi Plaintiffs delay damages under A.R.S. § 44–1201(A) and 10% prejudgment interest on the delay damages under the same statute. Baldino and Sperber-Porter moved for a new trial, arguing that A.R.S. § 44–1201(A) was inapplicable because they had never owed the Ashkenazi Plaintiffs money. The trial court found that Baldino and Sperber-Porter's conduct caused them to become indebted to the Ashkenazi Plaintiffs, so A.R.S. § 44–1201(A) applied. Baldino and Sperber-Porter timely appealed.

## DISCUSSION

¶8         Baldino and Sperber-Porter argue that the trial court erred by granting the Ashkenazi Plaintiffs summary judgment because they breached the Engagement and Intra-Client Agreements first, the Ashkenazi Plaintiffs are not entitled to delay damages at a rate of 10%, and because the Ashkenazi Plaintiffs failed to mitigate their damages. "We review a grant of summary judgment *de novo*, considering the evidence and all reasonable inferences in the light most favorable to the non-moving party." *Lennar Corp. v. Transamerica Ins. Co.*, 227 Ariz. 238, 242 ¶ 7 (App. 2011).

¶9         Baldino and Sperber-Porter also argue that the trial court erred by granting the Ashkenazi Plaintiffs summary judgment because they prevented Baldino and Sperber-Porter from participating in the mediation. But Baldino voluntarily chose not to attend the mediation, and the Baldino and Ashkenazi Group's attorneys, not the Ashkenazi Plaintiffs, told Sperber-Porter to leave the mediation. Additionally, because this Court found that the attorneys had actual authority to bind the Baldino and Ashkenazi Group to the settlement, Baldino and Sperber-Porter suffered no damages as a result of any alleged breach by the Ashkenazi Plaintiffs. *See Baldino*, 2017 WL 4413765 at *6 ¶ 23. Therefore, the Ashkenazi Plaintiffs did not breach the parties' agreements first and the trial court properly granted

4

the Ashkenazi Plaintiffs summary judgment as to liability for breach of contract.

¶10 Baldino and Sperber-Porter also argue that the Ashkenazi Plaintiffs are not entitled to prejudgment interest under A.R.S. § 44–1201(A) because Baldino and Sperber-Porter did not owe any money to the Ashkenazi Plaintiffs. "Interest on any loan, indebtedness or other obligation shall be at the rate of ten per cent per annum[.]" A.R.S. § 44–1201(A). A loan is "money lent at interest," and an indebtedness is "something (as an amount of money) that is owed." *Metzler v. BCI Coca-Cola Bottling Co. of Los Angeles, Inc.*, 235 Ariz. 141, 146 ¶ 19 (2014) (quoting *Webster's Ninth New Collegiate Dictionary* 612, 700 (1983)). The phrase "other obligation" applies only to things of the same nature or class as "loan" or "indebtedness." *Id.* at 145–46 ¶ 18.

¶11 Baldino and Sperber-Porter were not lent money by the Ashkenazi Plaintiffs, were not indebted to the Ashkenazi Plaintiffs, and had no other financial obligation to the Ashkenazi Plaintiffs. Because Baldino and Sperber-Porter were not otherwise indebted to the Ashkenazi Plaintiffs for a liquidated sum, A.R.S. § 44–1201(A) was inapplicable. To obtain delay damages, the Ashkenazi Plaintiffs had to prove actual loss caused by the delayed receipt of the settlement funds before prejudgment interest could be awarded under A.R.S. § 44–1201. Because the Ashkenazi Plaintiffs did not present evidence of actual loss in its motion for summary judgment, and make no such showing on appeal, the trial court erred by granting the Ashkenazi Plaintiffs' motion for summary judgment for damages.[1]

¶12 The Ashkenazi Plaintiffs argue that Baldino and Sperber-Porter did not timely raise their argument below. When this Court interprets and applies statutes, however, we are not limited to the parties' arguments if that would lead to an incorrect result. *Azore, LLC v. Bassett*, 236 Ariz. 424, 427 ¶ 7 (App. 2014). Baldino and Sperber-Porter did challenge A.R.S. § 44–1201(A)'s applicability in their response to the Ashkenazi Plaintiffs' motion for summary judgment, in a supplement to their response to the Ashkenazi Plaintiffs' motion for summary judgment, and in their motion for a new trial, which the trial court addressed on the merits. We address A.R.S. § 44–1201(A)'s applicability because failing to do so would lead to an incorrect result.

---

[1] Because we reverse the trial court's grant of summary judgment on this ground, we need not consider Baldino and Sperber-Porter's mitigation of damages argument.

¶13 The Ashkenazi Plaintiffs further argue that even though Baldino and Sperber-Porter did not originally owe the Ashkenazi Plaintiffs the GT settlement payment, they became liable for all damages their breach caused. While Baldino and Sperber-Porter may have breached the Intra-Client Agreement and Engagement Agreement, they did not owe any liquidated amount of money to the Ashkenazi Plaintiffs. And because Baldino and Sperber-Porter were not indebted to the Ashkenazi Plaintiffs for a liquidated sum, A.R.S. § 44–1201(A) could not be used to calculate the Ashkenazi Plaintiffs' delay damages.

¶14 At oral argument, the Ashkenazi Plaintiffs argued that no judgment on Baldino and Sperber-Porter's alleged indebtedness was needed before a court could award delay damages under A.R.S. § 44–1201(A) because prejudgment interest on a liquidated claim is a matter of right in a breach of contract action. The Ashkenazi Plaintiffs also alleged that the claim had a liquidated amount of roughly $7 million based on the Ashkenazi Plaintiffs' share of the GT settlement payment. They are wrong for two reasons. First, the Ashkenazi Plaintiffs' claim was not liquidated because they never alleged the $7 million settlement amount as part of their breach of contract damages. Second, prejudgment interest implies a period ending in judgment, *Metzler v. BCI Coca-Cola Bottling Co. of Los Angeles, Inc.*, 230 Ariz. 26, 28 ¶ 7 (App. 2012), and the Ashkenazi Plaintiffs never obtained a judgment against Baldino or Sperber-Porter for the settlement amount. As a result, prejudgment interest could not be awarded as delay damages under A.R.S. § 44–1201(A).

¶15 The Ashkenazi Plaintiffs argue last that Baldino and Sperber-Porter are collaterally estopped from contesting the interest rate used to calculate the delay damages because they litigated the issue in arbitration with the attorneys. The Ashkenazi Plaintiffs, however, waived this argument by failing to raise it below. *See Henderson v. Henderson*, 241 Ariz. 580, 586 ¶ 13 (App. 2017).

**CONCLUSION**

¶16     For the foregoing reasons, we reverse the trial court's grant of summary judgment on damages in favor of the Ashkenazi Plaintiffs and remand for further proceedings. In our discretion, we award Baldino and Sperber-Porter their attorneys' fees and costs incurred on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA